# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.     CRIMINAL ACTION NO. 3:11-00177-01

DEON POWELL

## MEMORANDUM OPINION AND ORDER

On March 26, 2012, the Court held a Pretrial Motions Hearing in this matter, and at that hearing denied Defendant's Motion to Suppress (ECF No. 95), denying certain portions without prejudice. The Court orally invited Defendant to submit supplemental briefing on the question of whether the vehicle parked in the attached garage of 228 North Queens Court was within the scope of the search warrant issued for that address. Defendant has now done so, submitting the pending Memorandum of Law in Support Defendant's Motion to Suppress Evidence Seized from Vehicle Located in Garage (ECF No. 112). For the reasons that follow, Defendant's Motion to Suppress (ECF No. 95) is again **DENIED**.

Defendant moves to suppress evidence found in a vehicle located in the garage attached to a residence at 228 North Queens Court in Huntington, West Virginia. Huntington Police Department officers searched the vehicle pursuant to a premises search warrant for the 228 North Queens property, and recovered a sum of money from the trunk. Defendant argues that the vehicle

was not explicitly included in the search warrant, and could not be reasonably believed to belong to the premises owner; therefore, the fruits of the search must be suppressed.[1]

The scope of a warrant to search an entire property or premises "includes automobiles on the property or premises that are owned by or are under the dominion and control of the premises owner or which reasonably appear to be so controlled." *United States v. Patterson*, 278 F.3d 315, 318 (4th Cir. 2002). Defendant argues that the searched vehicle at 228 North Queens Court could not have reasonably appeared to be owned or controlled by the owner of the searched property, James Meeks, because the searching officers were aware that the vehicle was registered to someone other than Meeks.

The Court disagrees. Although the vehicle was not registered to Meeks, it could still reasonably appear to be controlled by him, because it was within his attached garage. Courts have long considered attached garages to be part of the home. *See Taylor v. United States*, 286 U.S. 1, 6 (1932) (warrantless search of garage violated Fourth Amendment); *United States v. Oaxaca*, 223 F.3d 1154, 1157 (9th Cir. 2000) ("We can conceive of no reason to distinguish a garage, where people spend time, work, and store their possessions, from a den or a kitchen, where people spend time, work, and store their possessions. Simply put, a person's garage is as much a part of his castle as the rest of his home."). As part of the home, an attached garage may reasonably be believed to

---

[1] The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. A warrantless search of a home is presumptively unreasonable absent exigent circumstances. *See Payton v. New York*, 445 U.S. 573, 590 (1980). Here, although Defendant has argued that the search warrant for 228 North Queens Court was invalid, and the search of the home therefore unreasonable, these arguments have thus far been unsuccessful. ECF No. 110. Therefore, this Memorandum Opinion assumes the validity of a premises search warrant for 228 North Queens Court, and addresses only Defendant's argument that the relevant evidence recovered from the vehicle trunk must be suppressed because the vehicle was outside the scope of the warrant.

be under the dominion or control of the same person controlling the home. Further, an attached garage is, by definition, close to the dwelling portion of a premises, and, often, may be locked or otherwise secured against the intrusion of others. It is, therefore, reasonable to believe that a car in an attached garage is under the dominion or control of the owner of the home.

For these reasons, the Court finds that it was objectively reasonable for the searching officers to believe that vehicle in the attached garage of 228 North Queens Court was under the dominion of the owner of 228 North Queens Court. Therefore, the vehicle was within the scope of the premises warrant, no warrantless search occurred, and Defendant's Motion to Suppress must be **DENIED.** The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

ENTER: March 29, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE